IN THE UNITED STATES DISTRICT COURT FOR **FILED**

THE WESTERN DISTRICT OF OKLAHOMA

JAN 2 1 2010

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

HAROLD D. SHARP, )
)
      Plaintiff, )
)
vs. )    No. CIV-09-149-W
)
GEO GROUP et al., )
)
      Defendants. )

## ORDER

On December 18, 2009, United States Magistrate Judge Valerie K. Couch issued a Report and Recommendation in this matter and recommended that the complaint filed by plaintiff Harold D. Sharp pursuant to title 42, section 1983 of the United States Code be dismissed for Sharp's failure to exhaust his administrative remedies as requested by the defendants in their Motion to Dismiss/Motion for Summary Judgment. Sharp was advised of his right to object to the Report and Recommendation; he did not file an objection, but instead filed a motion seeking a docket date since it is clear that the issues raised by the parties are in dispute.

Upon review of the record, the Court concurs with Magistrate Judge Couch's suggested disposition of this matter to the extent stated herein and thus, finds that Sharp's request that this matter be set on "a fast track docket" should be denied.

Sharp is incarcerated in Lawton Correctional Facility ("LFC"), in Lawton, Oklahoma. He has named as defendants in this matter, The GEO Group, Inc. ("GEO"), a private entity that owns and operates LCF, David Miller, LCF Warden, and Eroll Hancock, LCF Food Service Director.

In his complaint, Sharp sought relief under section 1983 for violations of his constitutional rights arising from not only the defendants' failure to answer his complaints about food preparation and delivery at LCF and about LCF personnel's violations of "state and federal health code policies," but also the defendants' failure to react to his complaints about his exposure to contaminates and bacteria and about his abdominal pains and nausea. Sharp further alleged that at certain times, LCF inmates were denied access to toilets and that the problems caused thereby resulted in his exposure to bodily fluids and potential health issues.

The Prison Litigation Reform Act of 1995 ("PLRA"), as amended, 42 U.S.C. § 1997e et seq., on which the defendants have relied in their Motion to Dismiss/Motion for Summary Judgment, provides in relevant part that "[n]o action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

"[E]xhaustion is mandatory under the PLRA," Jones v. Bock, 549 U.S. 199, 211 (2007), and because PLRA exhaustion is an affirmative defense, e.g., id. at 216, the burden is on the defendants to prove that Sharp has failed to exhaust all available administrative remedies. E.g., Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007).

> [T]o properly exhaust administrative remedies prisoners must "complete the administrative review process in accordance with the applicable procedural rules"–rules that are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." . . . [I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."

Jones, 549 U.S. at 218 (quoting Woodford v. Ngo, 548 U.S. 81, 88 (2006)).

GEO operates LFC under a contract with the Oklahoma Department of Corrections ("DOC"), and it utilizes DOC's grievance procedures for exhaustion of administrative remedies by inmates. In this connection, the DOC requires inmates to timely and properly complete the four (4) steps of the "Inmate/Offender Grievance Process" outlined in OP-090124, prior to filing a lawsuit.

Section IV of OP-090124 outlines the two informal steps. First, the inmate must try to resolve his complaint by talking with the appropriate staff member within three (3) days of the incident. OP-090124, Section IV(A). If the complaint is not resolved, the inmate must proceed to step two and submit within seven (7) calendar days a "Request to Staff" to the appropriate staff member, "stating completely but briefly the problem." Id. Section IV(B).

Section V of OP-090124 outlines the submission and review of formal grievances. If the complaint is not resolved informally, the inmate may complete and submit an "Inmate/Offender Grievance Report Form" within fifteen (15) calendar days of the incident or the date of the response to the "Request to Staff" together with the "Request to Staff" used in the informal process and the response thereto to the reviewing authority.[1] Id. Section V(A). "The reviewing authority will screen the grievance to determine . . . whether the instructions for submitting a grievance were followed," id. Section VI(A)(2)(d), and respond.

---

[1]OP-090124, Section I(D) defines "reviewing authority" as "[t]he facility head . . . where the incident occurred and to whom the grievance is first submitted." In this case, that individual is defendant Miller.

At step four of the grievance process, the inmate may appeal the reviewing authority's response to the administrative review authority. Id. Section VII(B). Obtaining a final ruling from the administrative review authority completes the DOC's exhaustion process. Id. Section VII(D)(1).

As stated, the inmate "must 'complete th[is] . . . process in accordance with the [prison's] applicable procedural rules.'" 549 U.S. at 218 (quoting Woodford, 548 U.S. at 88). "'An inmate who begins the grievance process but does not complete it is barred from pursing a [federal] claim under the PLRA for failure to exhaust his administrative remedies.'" Fields v. Oklahoma State Penitentiary, 511 F.3d 1109, 1112 (10th Cir. 2007) (quoting Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002)). "[S]ubstantial compliance [with the prison's grievance procedures] is insufficient." Id. (citation omitted).

The undisputed evidence as set forth in the record and delineated in the Report and Recommendation establishes that Sharp did not follow the steps outlined in OP-090124; he is therefore barred from pursuing his claims for relief under section 1983 because he has failed to exhaust his administrative remedies. E.g., Fields, 511 F.3d at 1112.

Accordingly, the Court

(1) ADOPTS the Report and Recommendation [Doc. 30] to the extent stated herein;[2]

---

[2]Magistrate Judge Couch has recommended that this matter be dismissed without prejudice, citing Gallagher v. Shelton, 587 F.3d 1063 (10th Cir. 2009). The Court is aware that the United States Court of Appeals for the Tenth Circuit stated in Gallagher that "[o]rdinarily, a dismissal based on a failure to exhaust should be without prejudice." Id. at 1068. However, in Gallagher, the prisoner did not contest the defendants' contention that he had failed to exhaust his administrative remedies or contend that he was prevented from pursuing administrative relief. Furthermore, although the district court considered the Martinez report in making its determination, the information contained in the Martinez report was uncontroverted. E.g., id. n.7 (uncontroverted report may serve as basis for dismissal).

(2) deems MOOT the defendants' Motion to Dismiss [Doc. 25] and, having considered material outside the pleadings, GRANTS the defendants' Motion for Summary Judgment [Doc. 25];

(3) DENIES Sharp's Motion [for] Judgment and Docket Date [Doc. 31] file-stamped January 29, 2009; and

(4) ORDERS that judgment issue forthwith in favor of the defendants.

ENTERED this _3/2t_ day of January, 2010.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

In the instant case, Sharp has challenged the defendants' arguments regarding exhaustion. See Doc. 29. Thus, Magistrate Judge Couch properly considered the matter as governed by Rule 56, supra, which requires a determination whether "the movant is entitled to judgment as a matter of law." Rule 56(c)(2), supra.